# Exhibit B

Case Caption: **PATRICK COOPER v. RICCARDO TISCI**

Judge Name:

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 1 | SUMMONS + COMPLAINT | Processed | 04/29/2025 | Hines, P. |
| 2 | STIPULATION - TIME TO ANSWER<br>Stipulation extending time to June 30, 2025 for Defendant to respond to the Complaint. | Processed | 05/06/2025 | Ullman, A. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X
PATRICK COOPER,

                     Plaintiff,

       -against-

RICCARDO TISCI,

                     Defendant.
------------------------------------------------------------------X

Index No.:

Date Purchased:

**SUMMONS**

Basis of venue is CPLR §503

To the above-named defendant:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a Notice of Appearance, on the Plaintiff's attorney(s) within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Brooklyn, New York
       April 29, 2025

Defendant's Address:
RICCARDO TISCI
54 King Street
New York, New York 10014

HELD & HINES, LLP
4815 Avenue N
Brooklyn, New York 11234
(718) 531-9700
phines@heldhines.com

*/s/ Philip Hines*_____
Philip M. Hines, Esq.

*Counsel for Plaintiff*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X
PATRICK COOPER,

                        Plaintiff,

      -against-

RICCARDO TISCI,

                        Defendant.
------------------------------------------------------------X

Index No.:

**VERIFIED COMPLAINT**

Patrick Cooper (hereinafter "Plaintiff") by his attorneys, Held & Hines, LLP, as and for his Verified Complaint against the defendant, Riccardo Tisci, hereby alleges upon personal knowledge as to himself and upon information and belief as to all other matters, the following:

### THE PARTIES

1. At all times hereinafter mentioned, Plaintiff was and remains a resident of the State of New York, County of New York.

2. At all times hereinafter mentioned, and based upon information and belief, Defendant Riccardo Tisci (hereinafter "Defendant") was and remains a resident of the State of New York, County of New York.

### STATEMENT OF FACTS

3. On or about June 29, 2024, Plaintiff and Defendant were at 2 Sisters 4 Brothers Restaurant and Lounge, located at 355 East 116th Street, New York, New York 10029.

4. Plaintiff and Defendant did not know each other prior to June 29, 2024.

5. On said date, Defendant approached Plaintiff and started a conversation with him.

6. During that conversation and/or an ensuing conversation(s), Defendant, upon information and belief, tampered with Plaintiff's drink, whereby he discretely put a drug into Plaintiff's drink when he was not looking.

7. Defendant did not offer drugs to Plaintiff.

8. Plaintiff did not accept drugs from Defendant.

9. Defendant did not inform Plaintiff that he was placing a drug in his drink.

10. Plaintiff did not give his consent (either express or implied) to Defendant to put a drug into his drink.

11. Plaintiff did not give his consent (either express or implied) to do drugs with Defendant.

12. Plaintiff was not aware that Defendant put a drug into his drink at or around the time Defendant did so.

13. Upon information and belief, Defendant knowingly placed the drug(s) into Plaintiff's drink with the intent to impair Plaintiff and/or his judgment.

14. Upon information and belief, Defendant intended to make Plaintiff so disorientated as to no longer know where he was, what he was doing, or what other people, particularly Defendant, was doing to him.

15. Plaintiff, upon consuming the aforesaid drug infused drink, became disoriented, confused, impaired, intoxicated, unaware of his actions and surroundings, and unable to comprehend what was going on for the duration of the drug's effect on Plaintiff.

16. Plaintiff was not aware that he consumed the drug that Defendant put in his drink.

17. Upon information and belief, once the drug took effect on Plaintiff, Defendant brought Plaintiff back to Defendant's home, where Defendant prevented Plaintiff from leaving and sexually assaulted him.

18. When Plaintiff woke up, he found himself naked with Defendant (also naked) next to him.

19. At the time of the aforesaid sexual assault, Plaintiff lacked the capacity to consent.

20. Upon information and belief, at the time of the aforesaid sexual assault, Plaintiff was not conscious.

21. As a result of the drug(s) given to Plaintiff by Defendant, Plaintiff was unable to reject, fight, stop, or defend himself from Defendant's predatory, sexual, and unlawful assault and battery of Plaintiff.

22. As a direct and proximate result of the aforesaid acts by Defendant, Plaintiff has sustained, and will continue to sustain for an indefinite period of time, physical, psychological and emotional injuries.

**AS AND FOR A FIRST CAUSE OF ACTION**
**ASSAULT**

23. Plaintiff repeats reiterate, and realleges each and every allegation contained in the preceding paragraphs of the Complaint inclusive with the same force and effect as if hereafter set forth at length.

24. Defendant's nonconsensual tampering with Plaintiff's drink caused Plaintiff to experience fear and imminent and reasonable apprehension of harmful and offensive contact to his person.

25. Defendant's nonconsensual insertion of a drug into Plaintiff's drink caused Plaintiff to experience fear and imminent and reasonable apprehension of harmful and offensive contact to his person.

26. Defendant's predatory, nonconsensual sexual acts against Plaintiff caused Plaintiff to experience fear and imminent and reasonable apprehension of harmful and offensive contact to his person.

27. As a direct and proximate result of the aforementioned assault, Plaintiff has sustained in the past, and will continue to sustain in the future, physical injury, pain and suffering, serious and severe psychological and emotional distress, mental anguish, embarrassment, humiliation, and economic damages.

28. By reason of the foregoing, Plaintiff is entitled to an award of compensatory damages in an amount exceeding the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

29. By reason of the foregoing, Plaintiff is entitled to an award of punitive damages in an amount the jury would find fair, just and appropriate to deter said defendant and others from future similar conduct, while considering the depraved, malicious, fraudulent and oppressive intent to injure Plaintiff, in conscious disregard for his rights and safety.

## AS AND FOR A SECOND CAUSE OF ACTION
## BATTERY

30. Plaintiff repeats reiterate, and realleges each and every allegation contained in the preceding paragraphs of the Complaint inclusive with the same force and effect as if hereafter set forth at length.

31. Defendant intentionally tampered with Plaintiff's drink, drugged Plaintiff, and engaged in predatory, nonconsensual sexual acts with Plaintiff, constituting harmful and offensive contact to Plaintiff's person, all of which was done intentionally by Defendant and without Plaintiff's consent.

32. As a direct and proximate result of the aforementioned battery, Plaintiff has sustained in the past, and will continue to sustain in the future, physical injury, pain and suffering, serious and severe psychological and emotional distress, mental anguish, embarrassment, humiliation, and economic damages.

33. By reason of the foregoing, Plaintiff is entitled to an award of compensatory damages in an amount exceeding the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

34. By reason of the foregoing, Plaintiff is entitled to an award of punitive damages in an amount the jury would find fair, just and appropriate to deter said defendant and others from future similar conduct, while considering the depraved, malicious, fraudulent and oppressive intent to injure Plaintiff, in conscious disregard for his rights and safety.

**AS AND FOR A THIRD CAUSE OF ACTION**
**FALSE IMPRISONMENT**

35. Plaintiff repeats reiterate, and realleges each and every allegation contained in the preceding paragraphs of the Complaint inclusive with the same force and effect as if hereafter set forth at length.

36. As alleged herein, Defendant intentionally confined Plaintiff to his home.

37. As alleged herein, Defendant, through the use of drugs and/or coercion, prevented Plaintiff from leaving his home prior to engaging in nonconsensual sexual acts with Plaintiff.

38. Plaintiff was aware of this unlawful confinement at the time it was occurring but was unable to prevent same due to the drug(s) given to him by Defendant.

39. Plaintiff did not consent to going to Defendant's home nor to staying at Defendant's home nor to engaging in sexual acts with Defendant at Defendant's home.

40. Defendant lacked any legal authority or justification to confine Plaintiff or otherwise restrain his freedom to leave.

41. As a direct and proximate result of the aforementioned false imprisonment, Plaintiff has sustained in the past, and will continue to sustain in the future, physical injury, pain and suffering, serious and severe psychological and emotional distress, mental anguish, embarrassment, humiliation, and economic damages.

42. By reason of the foregoing, Plaintiff is entitled to an award of compensatory damages in an amount exceeding the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

43. By reason of the foregoing, Plaintiff is entitled to an award of punitive damages in an amount the jury would find fair, just and appropriate to deter said defendant and others from future similar conduct, while considering the depraved, malicious, fraudulent and oppressive intent to injure Plaintiff, in conscious disregard for his rights and safety.

## AS AND FOR A FOURTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

44. Plaintiff repeats reiterate, and realleges each and every allegation contained in the preceding paragraphs of the Complaint inclusive with the same force and effect as if hereafter set forth at length.

45. As alleged herein, Defendant engaged in outrageous conduct towards Plaintiff with the intention to cause severe emotional distress, or with reckless disregard for the probability of causing Plaintiff to suffer severe emotional distress.

46. As a direct and proximate result of the aforementioned intentional infliction of emotional distress, Plaintiff has sustained in the past, and will continue to sustain in the future, serious and severe psychological and emotional distress, mental anguish, embarrassment, humiliation, and economic damages.

47. By reason of the foregoing, Plaintiff is entitled to an award of compensatory damages in an amount exceeding the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

48. By reason of the foregoing, Plaintiff is entitled to an award of punitive damages in an amount the jury would find fair, just and appropriate to deter said defendant and others from future similar conduct, while considering the depraved, malicious, fraudulent and oppressive intent to injure Plaintiff, in conscious disregard for his rights and safety.

**AS AND FOR A FIFTH CAUSE OF ACTION
VIOLATION OF NEW YORK CITY ADMINISTRATIVE CODE § 10-1101 ET SEQ.**

49. Plaintiff repeats reiterate, and realleges each and every allegation contained in the preceding paragraphs of the Complaint inclusive with the same force and effect as if hereafter set forth at length.

50. As set forth above, Defendant's actions against Plaintiff constituted felonies under New York State law and presented a serious risk of physical and emotional injury to Plaintiff, and was a crime of violence motivated by gender, committed because of gender or on the basis of gender, and due, at least in part, to an animus based on Plaintiff's gender.

51. As set forth above, Defendant's conduct complained of herein violated the Victims of Gender-Motivated Violence Protection Law, New York City Administrative Code § 10-1101 et seq., and as such, Defendant is liable to Plaintiff for compensatory and punitive damages, attorney's fees and costs, and such other relief as this Court may deem appropriate.

52. The limitations on liability set forth in CPLR §1601 do not apply to this action by reason of one or more of the exceptions set forth in CPLR §1602.

**WHEREFORE**, Plaintiff demands judgment against the defendant for compensatory and punitive damages in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter, together with attorney's fees, costs, any and all further relief that this Court deems just and proper.

Dated: Brooklyn, New York
April 29, 2025

HELD & HINES, LLP

*/s/ Philip Hines*
Philip M. Hines, Esq.

## VERIFICATION

STATE OF NEW YORK         )
                          ) ss:
COUNTY OF NEW YORK        )

PATRICK COOPER, being duly sworn deposes and says:

That deponent is the plaintiff in the within action; that deponent has read the foregoing **VERIFIED COMPLAINT** and knows the contents thereof, that same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes to be true.

_____
PATRICK COOPER

Sworn to before me this 29th
day of April, 2025

_____
NOTARY PUBLIC

PHILIP MICHAEL HINES
Notary Public, State of New York
No. 02HI6293058
Qualified in Kings County
Commission Expires November 18, 2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
PATRICK COOPER,                                                       Index No.:
                                                                                          Index No.
                                            Plaintiff,                          Date Purchased:

        -against-                                                           **SUMMONS**

RICCARDO TISCI,                                                     Basis of venue is CPLR §503

                                            Defendant.
-----------------------------------------------------------------X

## SUMMONS AND VERIFIED COMPLAINT

HELD & HINES, LLP
*Attorneys for Plaintiff*
4815 Avenue N
Brooklyn, New York 11234
(718) 531-9700

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney duly admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.*

                                            Signature: */s/ Philip Hines*
                                                            Philip M. Hines, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

..................................................................
PATRICK COOPER,                                  :    Index No. 155564/2025
                                                 :
                           Plaintiff,            :
                                                 :    **STIPULATION**
        -against-                                :
                                                 :
RICCARDO TISCI,                                  :
                                                 :
                           Defendant.            :
..................................................................

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel, that:

1.    Counsel for Defendant has received a copy of Plaintiff's Summons and Verified Complaint in the above matter filed on April 29, 2025, and is authorized to, and does, accept service on behalf of Defendant.

2.    The time for Defendant to answer, move or otherwise respond to the Complaint herein shall be and hereby is extended to and including June 30, 2025.

Dated: New York, New York
       May 6, 2025

                                                DENTONS US LLP

                                                /s/ *Anthony B. Ullman*
                                                Anthony B. Ullman
                                                Louis A. Pellegrino
                                                1221 Avenue of the Americas
                                                New York, New York 10020-1089
                                                Tel: (212) 768-6700
                                                Fax: (212) 768-6800
                                                anthony.ullman@dentons.com
                                                louis.pellegrino@dentons.com
                                                *Attorneys for Defendant*

1

HELD & HINES LLP

s/ *Philip M. Hines*
4815 Avenue N
Brooklyn, New York 11234
Tel: (718) 531-9700
Fax: (718) 444-5768
[phines@heldhines.com](mailto:phines@heldhines.com)
*Attorneys for Plaintiff*